UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RAUL ROSAS-BERNAL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-270 RM |
| | ) | (Arising out of 3:11-CR-94(01)RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Raul Rosas-Bernal pleaded guilty to a charge of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a), and was sentenced to 21 months' imprisonment. Mr. Rosas-Bernal is now before the court requesting that his sentence be reduced under 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Rosas-Bernal's plea agreement reveals that he was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he waived his right to appeal his conviction and sentence and to

contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Rosas-Bernal, his attorney Robert Truitt, and Assistant United States Attorney Frank Schaffer and contained the following language in paragraph 9:

> (a) I agree to plead guilty to Count 1 of the Information that charges me with unlawful re-entry to the United States after deportation, in violation of Title 8, United States Code, Section 1326(a), because I am GUILTY of this offense;
>
> (b) . . . I hereby acknowledge that on February 25, 2002, I was deported to Mexico at El Paso, Texas, after having been found in the United States without being properly admitted to the United States. I was arrested in St. Joseph County, Indiana, in June of 2011. I had not received permission from the Secretary of the Department of Homeland Security to return to the United States;
>
> (c) I further understand that the maximum possible penalty for violation of Title 8, United States Code, Section 1326, is imprisonment of up to two (2) years and/or a $250,000 fine, a term of supervised release of up [to] one (1) year, and a mandatory $100 special assessment due at the time of sentencing;
>
> ***
>
> (e) . . . I understand that the U.S. Sentencing Guidelines are are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines;
>
> (f) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement;

> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**.

(Emphasis in original).

Despite the waivers and admissions in his plea agreement, Mr. Rosas-Bernal challenges his sentence, contending that his trial counsel provided ineffective assistance at sentencing because he didn't tell him about the fast track programs for illegal re-entry cases in other districts, or ask the court to consider a lower sentence in light of his fast track eligibility.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked only in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Rosas-Bernal's sworn statements at his change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Mr. Wright's right to appeal and to file a § 2255 petition, the court explained the waiver to him during the plea colloquy, and Mr. Rosas-Bernal acknowledged that he understood. Because his plea was informed and voluntary, the waiver of Mr. Rosas-Bernal's right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Rosas-Bernal hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), but contends only that his counsel was ineffective because he didn't argue for a lower sentence. While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Rosas-Bernal received a sentence below the statutory maximum and in the middle of the recommended sentencing guideline range.

To the extent Mr. Rosas-Bernal contends that he was provided ineffective assistance because his attorney didn't argue for a lower sentence, his claim

4

doesn't relate to the negotiation of the waiver of his right to appeal, and is foreclosed by the plea agreement, in which Mr. Rosas-Bernal expressly agreed that "the Court ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for [his] offense(s) as set forth in th[e] Plea Agreement," and waived his right to appeal or challenge his sentence and the manner in which it was determined or imposed. <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Rosas-Bernal isn't entitled to the relief he seeks. Accordingly, the court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 23].

SO ORDERED.

ENTERED:   June 5, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:   R. Rosas-Bernal
      AUSA Schaffer

5